Moses Pettingill, Appellant, vs. Henry L. Moss et al., Respondents.

An injunction was served, restraining a sale under an execution, and the Sheriff adjourned the sale to a future day. *Held*—That it was the duty of the Sheriff to note upon the execution the fact of the service of the injunction, and desist from all further proceedings under it, except to retain his levy; and if, at the end of sixty days from the receipt of the execution, he had received no notice of the dissolution of the injunction, he should then have returned the same, detailing the

facts in the return. But if the injunction should have been dissolved during the life of the execution, he should have advertised the property under the original levy. The adjournment of the sale was irregular, and in contravention of the writ.

When a Sheriff has levied an execution within due time, he may complete the same by sale after the return day. This applies to sales of real estate, as well as to personal property.

Sec. 11, page 572, of Stat. of Min. is designed to give credit to, and inspire confidence in judicial sales to those who are not presumed to know whether the Sheriff has performed all the preliminary steps required of him before sale; but its provisions do not extend to Plaintiffs who become purchasers under their own judgments.

This was an appeal from an order of the District Court of Ramsey County, vacating a sale of real estate under execution. It appears from the record that an injunction was issued and served upon the Sheriff, restraining the sale, and upon its receipt, he adjourned the sale to a future day. He made the sale pursuant to the notice of adjournment, after the injunction had been dissolved, and after the return day of the execution.

The following are the points and authorities relied upon by the Counsel for the Appellant:

*First.*—The sale of the real estate of the Defendant Henry L. Moss, made by the Sheriff, was in all respects regular, and in strict conformity to the statutes of this State. *See folios* 48 *and* 59, *inclusive, of the case, and Sec.* 110, *page* 366, *Revised Statutes;* and there was no fraud in the sale or transaction. The officer was qualified and had legal powers in his hand, authorizing him to sell. The sale made is therefore valid and cannot be vacated or set aside by the Court. *Minnesota Reports, Vol.* 1, *page* 183, *Filmore & Christy vs. Jackson.*

For cases bearing upon this practice of Courts in cases like the one at bar, *see Oulcalt vs. Disborough,* 2 *Green Ch.* 214; *Mercerean vs. Prest, Green Ch.* 469; *Saxton,* 55; *Rice Ch.* 3.

*Second.*—The officer was not in contempt for adjourning the sale, after the injunction was served upon him, from the 16th to the 26th day of October, for it was not proceeding with the execution or judgment in any manner, but was only keeping the matter in the same condition as when the injunction was served;—nor for making the sale on the 26th day of October, for then the injunction was dissolved. And if the officer was in contempt, it would not vitiate the sale. He would only be liable in damages, and to punishment by the Court.

*Third.*—The judgment upon which the execution was issued was in full force, notwithstanding a suit brought by the Defendant Moss to cancel it as to him. This can in no wise affect the judgment. The verdict of a jury that the judgment is satisfied, or a finding of such facts by them as will justify the Court in inferring satisfaction must first be obtained, and a judgment of the Court be entered or pronounced thereon.

*Fourth.*—It is immaterial in this case whether the temporary injunction staying the sale of real estate was prudently or imprudently granted, or whether it was properly or improperly dissolved. If in any view the question can be material, the injunction was imprudently granted and properly dissolved.

[The Respondents' points and authorities are not on file.]

SANBORN, FRENCH & LUND, Counsel for Appellant.

SMITH & GILMAN, Counsel for Respondents.

*By the Court*—FLANDRAU, J. The question of the propriety of the injunction which was issued in the case of *Moss vs. Pettingill et al.*, and served on the Sheriff to restrain the execution in this action, was discussed and decided on an appeal from the order dissolving the same. It was the duty of the Sheriff, on the service of the injunction upon him, to note that fact upon the execution and desist from all further proceedings under it, retaining, however, his levy; and if, at the end of sixty days from the receipt of the execution by him, no notice of the dissolution of the injunction reached him, then he should have returned the same, detailing the facts in his return; but if during the life of the execution it had been relieved from the injunction, then the Sheriff should have advertised the property again under his original levy, and have proceeded to sell in the ordinary way. His adjournment was irregular and in contravention of the injunction; there can be no guide for such a proceeding, as the injunction may or may not be dissolved, according to the facts which may be alleged in the answer. The fact that the adjournment by chance was to a time which

accorded with the vacating of the injunction does not help the matter at all; there can be no means of anticipating the decision of the Court or regulating such a postponement.

There is no irregularity in the fact that a sale is made after the return day of an execution. "When a Sheriff has levied an execution in due time, he may complete the same by sale after the return day." *Devoe vs. Elliot*, 2 *Cains. R.* 243. This was a case of a sale of personal property, but the same doctrine is held in the subsequent case of *Wood vs. Colvin*, 5 *Hill* 228, which was a sale of real estate. There is no reason for a difference in the application of the rule. The Sheriff is bound to serve his process within its life, but may complete the execution of it after the return day.

The sale under the adjournment in this case was irregular, and the property having been purchased by the creditor and remaining in his hands, the sale was properly set aside. Had it been purchased by a stranger, Section 111, on page 572 of the new edition of the Statutes, would have operated and saved the sale, as that section is designed to give credit to, and inspire confidence in judicial sales of property, and encourage bidders to purchase, by insuring certainty in the title they may obtain to those who are not presumed to know whether the Sheriff has performed all the preliminary steps required of him before sale; but its provisions do not extend to Plaintiffs who become purchasers under their own judgments. *See Tillman & Christy vs. Jackson*, 1 *Minn. R.* 183, where similar principles are involved under another provision of the statute in relation to Sheriff's sales on executions.

Order affirmed.